JOURNAL ENTRY and OPINION.
{¶ 1} Appellant John S. Douse appeals from the trial court's denial of his motion to vacate his plea to three counts of corruption of a minor, three counts of illegal use of a minor in a nudity-oriented performance, one count of gross sexual imposition, and two counts of voyeurism, and also appeals from the subsequent sentence imposed. On appeal he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred by denying appellant's motion to withdraw his guilty pleas filed prior to sentencing without having first held a hearing."
 {¶ 3} "II. The trial court erred by imposing maximum sentences on felonies of the fourth degree."
 {¶ 4} "III. The trial court erred by imposing three, six-year sentences for an aggregate term of eighteen years for taking partially nude photographs of his teenage daughter."
 {¶ 5} "IV. The trial court erred by imposing consecutive sentences for an aggregate term of twenty-four years."
 {¶ 6} "V. The trial court erred by vindictively sentencing appellant on remand to a longer sentence than originally imposed thereby violating due process considerations."
 {¶ 7} "VI. The trial court erred by resentencing on counts other than Counts 21-23."
 {¶ 8} Having reviewed the record and pertinent law, we reverse the trial court's denial of Douse's motion to withdraw his plea and remand for a hearing on the matter. We also vacate Douse's sentence and remand the matter for resentencing. The apposite facts follow.
 {¶ 9} Douse was indicted by the grand jury in a multiple count indictment that included seven counts of rape with a sexually violent predator specification, seven counts of corruption of a minor, six counts of gross sexual imposition, twenty counts of illegal use of a minor in a nudity-oriented performance, and four counts of voyeurism.
 {¶ 10} On July 24, 1998, Douse entered into a plea to three counts of corruption of a minor, three counts of illegal use of a minor in a nudity-oriented performance, one count of gross sexual imposition, and two counts of voyeurism. The counts involved six different victims.
 {¶ 11} On January 28, 1999 a sentencing hearing was conducted and Douse was sentenced to seven years each on the use of a minor in a nudity performance, with the terms to run consecutive to each other, thirty days for each for the two voyeurism counts for which sentence was suspended, and five years community control sanction for the gross sexual imposition count and three counts of corruption of a minor, to commence upon Douse's release from prison.
 {¶ 12} Douse directly appealed the sentence to this court and we remanded the matter to the trial court to conduct a hearing on Douse's motion regarding the fact that the counts for illegal use of a minor in a nudity-oriented performance were allied offenses of similar import.[1] This court subsequently issued a nunc pro tunc entry five-and-a-half months later, also ordering the court to conduct a resentencing hearing since the trial court failed to state its findings and reasons in support of imposing consecutive sentences.
 {¶ 13} On remand, another trial judge was appointed to the case. After conducting a hearing, the new judge determined that the counts were not allied offenses of similar import, and imposed the original sentence without conducting a resentencing hearing, because the trial court never received this court's nunc pro tunc entry ordering it to resentence Douse.[2]
 {¶ 14} Douse appealed the trial court's decision denying his motion regarding allied offenses and failure to resentence. This court affirmed the trial court's finding that the counts were not allied offenses, but remanded the matter for resentencing because the trial court failed to conduct a resentencing hearing as ordered.[3]
 {¶ 15} Prior to his resentencing on September 27, 2002, Douse filed a written motion to withdraw his guilty plea, contending that his pleas were not knowingly, voluntarily and intelligently entered because he was not advised which photographs related to the counts of illegal use of a minor in a nudity-oriented performance. The trial court orally denied the motion prior to conducting the sentencing hearing.
 {¶ 16} The trial court then proceeded with the sentencing hearing where the victims, the victims' parents, defense counsel, the prosecutor and Douse were all permitted to address the court. Afterwards, the court sentenced Douse to eighteen months on each of the corruption of a minor counts, eighteen months on the gross sexual imposition count and six years each on the illegal use of a minor in a nudity-oriented performance counts, all to be served consecutively. The trial court also sentenced Douse to sixty days on the voyeurism counts to be served consecutive with each other, but concurrent with the other terms in the case. This resulted in a sentence three years longer than the sentence imposed by the prior judge.
 {¶ 17} In his first assigned error, Douse argues that the trial court erred by denying his presentence motion to vacate his plea without first conducting a hearing.[4]
 {¶ 18} Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated.[5] The decision to grant or deny such motion is fully within the trial court's discretion and shall remain undisturbed absent a showing that the trial court abused its discretion.[6] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[7]
 {¶ 19} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[8]
 {¶ 20} In the instant case, a review of the record indicates the trial court's consideration of Douse's motion to withdraw his plea consisted of the court stating the following:
 {¶ 21} "The Court has reviewed the Defendant's motion to withdraw his plea and upon review of the plea hearing, which was conducted before the Honorable Richard Lillie, the Court finds there was compliance with Rule 11. The Defendant was advised of the possible penalties which he was facing at the time of the plea; therefore, [the court] finds no merit in the motion to withdraw [the] plea and denies the motion."[9]
 {¶ 22} The trial court then proceeded to sentencing. The trial court's pronouncement of its decision on the motion falls far short of the court's requirement to conduct "a complete and impartial hearing" on the motion. Although the hearing need not be extensive, it must be "complete and impartial".[10] The trial court did not conduct a hearing in this case. It merely recited its ruling denying the motion. Under such circumstances, when the trial court does not even give the parties an opportunity to discuss the motion, the trial court abuses its discretion.
 {¶ 23} Although the state argues that counsel invited the error by failing to request a hearing at the time the trial court declared its ruling, we find that where the trial court, as mandated by the Ohio Supreme Court in State v. Xie,[11] "must" conduct a hearing prior to its ruling, that a waiver or invited error argument fails.
 {¶ 24} We note the dissent argues the trial court did not have jurisdiction to rule on the motion to withdraw the plea. In support of this, the dissent cites to State ex. rel. Special Prosecutors v. Judges,Court of Common Pleas,[12] in which the Ohio Supreme Court held that Crim. R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court."[13] However, we conclude the instant case is distinguishable from that case because this court did not enter an affirmance of the trial court's judgment on the prior appeal, but vacated the matter for resentencing. A judgment of conviction consist of both the plea and sentence.[14] Therefore, the trial court did have jurisdiction to consider the matter.[15]
 {¶ 25} We equally are compelled to respond to the dissent's conclusion that res judicata prevents Douse from raising the issue because it could been raised on direct appeal. It was not until this court found the original sentence invalid and remanded for resentencing during the original appeal that Douse could properly raise the issue in a motion to vacate the plea. As this court held in State v. Carmon,[16]
"the failure to file a Crim.R. 32.1 motion or otherwise challenge a guilty plea at the trial level constitutes waiver of the issue on appeal." Therefore, because the opportunity to file the motion to withdraw was not presented until resentencing, res judicata did not prevent Douse from attempting to withdraw the plea.
 {¶ 26} Douse's first assigned error has merit and is sustained.
 {¶ 27} In his second assigned error, Douse argues that the trial court erred by imposing maximum sentences of eighteen months on the three counts of corruption of a minor counts and one count of gross sexual imposition, without making the requisite findings pursuant to R.C.2929.14(C), and without first considering the minimum sentence.
 {¶ 28} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.[17]
 {¶ 29} A sentencing court may only impose a maximum term of imprisonment upon a previously imprisoned offender "who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."[18] The trial court must state these findings on the record at the time of sentencing.[19]
 {¶ 30} In addition to findings, the trial court must give its reasons for imposing a maximum sentence.[20] Reasons are the trial court's bases for its findings which evince its adherence to the General Assembly's policies of establishing consistency in sentencing and curtailing maximum sentences.[21]
 {¶ 31} In imposing the maximum sentence for these four specific charges, the trial court never indicated that it was engaging in the appropriate analysis pursuant to R.C. 2929.14(C). Although it listed multiple reasons for why it was going to impose the total sentence it anticipated to impose, including Douse's high risk or recidivism, nowhere did it explain why Douse would receive the maximum on these particular charges, while it imposed less than the maximum on the other charges, which were supported by the trial court's same reasons.
 {¶ 32} We note the dissent sets forth at length the trial court's statements in sentencing Douse, but disagree that it is discernable which statements applied to the maximum sentences and which applied to the less than maximum sentences.
 {¶ 33} Therefore, because the trial court failed to indicate why it was specifically imposing the maximum sentence as to these counts, it failed to comply with R.C. 2929.14(C) and we remand for yet another resentencing hearing.
 {¶ 34} Douse's second assigned error is sustained.
 {¶ 35} In his third assigned error, Douse argues that the trial court failed to conduct a proportionality review as required by R.C.2929.11(B) in imposing a total of eighteen years on the three counts of illegal use of a minor in a nudity-oriented performance.
 {¶ 36} R.C. 2929.11(B) states:
 {¶ 37} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentences * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 38} This court in State v. Bolton[22] distinguished the proportionality finding pursuant to R.C. 2929.14(E)(4) and that required by R.C. 2929.11(B) as follows:
 {¶ 39} "While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. As we previously noted, R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to follow."[23]
 {¶ 40} We conclude that since the trial court was not required to make any findings that it complied with R.C. 2929.11(B), and because nothing exists in the record that demonstrates that the trial court failed to consider the purposes and principles of R.C. 2929.11 in sentencing Douse to the several counts of illegal use of minor in a nudity performance, the trial court's sentence of three consecutive six year terms was proportional to the seriousness of Douse's conduct.
 {¶ 41} Although Douse has cited to various other cases in which lesser sentences for greater crimes were imposed, we find that a list of cases alone does not reflect the proportionality of the sentence for the crime committed. As the First District court in State v. Ryan[24]
held,
 {¶ 42} "[A] random list of citations to appellate decisions is of dubious value in this regard since it does not necessarily take into account all the unique factors that may distinguish one case from another."
 {¶ 43} Accordingly Douse's third assigned error is overruled.
 {¶ 44} In his fourth assigned error, Douse argues that the trial court erred by imposing consecutive sentences without making the mandatory findings pursuant to R.C. 2929.14(E)(4) and failing to state its reasons in support of imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 45} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). R.C. 2929.14(E)(4) states:
 {¶ 46} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 47} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 48} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 49} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 50} Along with making the above findings, the trial court must also state its reasons on the record why it is imposing the consecutive sentence.[25]
 {¶ 51} A review of the sentencing transcript reveals that the trial court clearly made the requisite findings required by R.C.2929.14(E)(4) in imposing consecutive sentences. The court found that consecutive sentences were necessary to protect the public from future crime and to protect the public. The court also found that a consecutive sentence was not disproportionate to the harm Douse caused and the danger he posed to the public, and, that the harm he inflicted was so great that a single term would not adequately reflect the seriousness of his conduct.
 {¶ 52} The trial court also stated its reasons in support of consecutive sentences. It found that Douse had multiple victims; he preyed upon troubled young females who were susceptible to the attention of men; one of the victims was his daughter; that Douse admitted to compiling a journal of his fantasies involving teenagers for more than twenty years; that Douse used his daughter in order to lure other minor girls into the home; he exhibited a pattern of criminal behavior; he expressed no remorse regarding his conduct, but claimed either the teenagers initiated the conduct or approved of the behavior; and, that his behavior caused ridicule and harassment to the victims and their families.
 {¶ 53} Because we find the trial court imposed consecutive sentences in accordance with R.C. 2929.14(E)(4) and gave sufficient reasons for imposing the sentence, Douse's fourth assigned error is overruled.[26]
 {¶ 54} In his fifth assigned error, Douse argues the trial court's imposing a longer sentence than the original sentence exhibited vindictive retaliation against Douse for successfully appealing his sentence twice before.
 {¶ 55} The United States Supreme Court has held that a trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence motivated by vindictive retaliation.[27] A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal.[28] Such a presumption does not apply when the resentencing judge is different than the original sentencing judge.[29]
 {¶ 56} In the instant case, the trial judge who resentenced Douse was different from the original sentencing judge. Although the resentencing judge was also reversed on appeal, it was because he merely reinstated the original judge's sentence without conducting a resentencing hearing. The trial court noted on the record that it did not conduct a resentencing hearing during the previous remand because it did not receive this court's nunc pro tunc order, in which we ordered the trial court to also resentence Douse at the same time it conducted the allied offenses hearing. Under such circumstances, where the trial court never exercised its own discretion in imposing the sentence, a presumption of vindictiveness does not arise.
 {¶ 57} Douse's fifth assigned error is overruled.
 {¶ 58} In his sixth assigned error, Douse argues that the trial court erred by resentencing him on all counts, instead of only resentencing on the counts that this court found error with on the prior appeal.
 {¶ 59} When this court vacates a sentence and remands for resentencing, the trial court is required to hold a complete sentencing hearing.[30] Pursuant to R.C. 2929.19(A)(1):
 {¶ 60} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who has been convicted of or pleaded guilty to a felony and whose case was remanded pursuant to R.C. 2953.07 or 2953.08 of the Revised Code. * * *"
 {¶ 61} R.C. 2953.08(G)(1) also only gives the court of appeals the power to modify or vacate and remand a "sentence" on appeal. We do not have the power to only vacate a portion of the sentence.
 {¶ 62} Accordingly, because the trial court must conduct a complete sentencing hearing upon resentencing a defendant, Douse's sixth assigned error is overruled.
 {¶ 63} Judgment is reversed in part, and sentence vacated and remanded for resentencing.
Colleen Conway Cooney, J., Dissents; (See Attached Dissenting Opinion.)
 Timothy E. McMonagle, J., Concurs In Part In Judgment Only And DissentsIn Part With Attached Dissenting Opinion.
[1] State v. Douse (2000), 140 Ohio App.3d 42.
[2] At the September 27, 2002 resentencing hearing, the trial court noted for the record that it had never received this court's nunc pro tunc entry ordering it to conduct a resentencing hearing. (Transcript at 44).
[3] State v. Douse (Dec. 10, 2001), Cuyahoga App. No. 79318.
[4] We note that the trial court failed to journalize an entry reflecting its denial of the motion. However, the trial court did orally deny the motion on the record prior to sentencing. Furthermore, a reviewing court presumes that any outstanding motions at the conclusion of the proceeding have been overruled. State v. Wagner, 12th Dist. No. CA2002-07-056, 2003-Ohio-2369 (failure to journalize oral pronouncement by the trial court denying the motion to vacate plea, did not render the ruling not final).
[5] State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim (1980),68 Ohio App.2d 211, quoting Barker v. United States (1978),579 F.2d 1219.
[6] Xie; Peterseim.
[7] State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted).
[8] Peterseim, paragraph three of the syllabus.
[9] Transcript at 4.
[10] State v. Pratt, Cuyahoga App. Nos. 80189 and 80190, 2002-Ohio-4433, citing State v. Sherrills (Nov. 30, 2000), Cuyahoga App. No. 77178.
[11] Xie at syllabus.
[12] (1978), 55 Ohio St.3d 94.
[13] Id. at 98.
[14] State v. Henderson (1979), 58 Ohio St.2d 171, 177, citing to Crim.R. 32(B).
[15] Cf. State v. Hacker, 2nd Dist. No. 2001-CA-85, 2002-Ohio-2920(trial court considered withdrawal of plea prior to resentencing); State v. Steimle, Cuyahoga App. No. 79154, 79155, 2002-Ohio-2238 (court found failure to grant withdrawal of plea prior to resentencing moot since case remanded for another resentencing); Statev. Glavic (2001), 143 Ohio App.3d 583, 588 (court held that it was proper to set forth motion to withdraw at resentencing); State v. Smith (Sept. 29, 1993), 2nd Dist. No. 92CA115-116 (court considered motion to withdraw plea upon remand for resentencing); State v. Thomas (1992),80 Ohio App.3d 452 (court considered motion to withdraw plea at resentencing); State v. McGee, Cuyahoga App. No. 82092, 2003-Ohio-1868, 2003-Ohio-1966 (because we affirmed both the plea and the sentence, the trial court was without jurisdiction to consider the withdrawal of plea.)
[16] (Nov. 18, 1999), Cuyahoga App. No. 75377.
[17] R.C. 2953.08(G)(1); State v. Hollander (July 5, 2001), Cuyahoga App. No. 78334; State v. Haamid (June 21, 2001), Cuyahoga App. No. 78761.
[18] R.C. 2929.14(C).
[19] See State v. Edmonson (1999), 86 Ohio St.3d 324.
[20] R.C. 2929.19(B)(2)(d).
[21] See R.C. 2929.11 et seq.; see, also, Edmonson.
[22] Cuyahoga App. No. 80263, 2002-Ohio-4571.
[23] Id. at ¶ 20. See, also State v. Gooden, Cuyahoga App. No. 81320, 2003-Ohio-2864, at ¶ 82; State v. Pempton, Cuyahoga App. No. 80255, 2002-Ohio-5831 at ¶ 10.
[24] 1st Dist. No. C-020283, 2003-Ohio-1188 at ¶ 12. See, also,State v. Johnson, Cuyahoga App. No. 80533, 2002-Ohio-5960 (there is at present no instrument by which to assess proportionality of sentences, citing similar cases is not sufficient); State v. Elder, Cuyahoga App. No. 80677, 2002-Ohio-3797 (citation to similar case insufficient to prove imposed sentence disproportionate).
[25] State v. Anderson (2001), 146 Ohio App.3d 427; State v. McGee, Cuyahoga App. No. 77463; 2001-Ohio-4238.
[26] Although the trial court did not explicitly link its reasons to its findings, this court has found that the sentencing statutes do not require such an analysis, but merely requires the court to set forth its reasons for imposing the consecutive sentences. See, State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718; State v. Casalicchio, Cuyahoga App. No. 82216, 2003-Ohio-3028. See, also, State v. Rich, 4th Dist. No. 00CA46, OOCA47, 2001-Ohio-2613 (the requirement that court give its reasons for selecting consecutive sentences is separate and distinct from duty to make the findings required by R.C. 2929.14(E)(4)).
[27] North Carolina v. Pearce (1969), 395 U.S. 711, 724.
[28] Id.
[29] State v. Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, at P25; Lodi v. McMasters (1986), 31 Ohio App.3d 275, 277.
[30] State v. Bolton (2001), 143 Ohio App.3d 185; State v. Steimle, Cuyahoga App. No. 79154, 79155, 2002-Ohio-2238; State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632.