JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Alexsandar Cvijetinovic ("defendant") appeals his sentence and the trial court's denial of his motion to withdraw his guilty plea. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} In 1999, defendant pled guilty to the following charges stemming from three separate indictments: one count of intimidation; two counts of attempted robbery, each with a one-year firearm specification; and two counts of attempted robbery, each with a three-year firearm specification. He was thereafter sentenced to a term of sixteen years of incarceration.
 {¶ 3} The defendant appealed his conviction in State v.Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563 ("Cvijetinovic I"). There, the defendant complained that the trial court had misinformed him that he would be eligible for judicial release after serving five years and that this erroneous information rendered his guilty plea unknowing. This court rejected the defendant's argument, affirming his conviction but reversing and remanding for resentencing. The defendant did not appeal the issue of his guilty plea to the Ohio Supreme Court.
 {¶ 4} Prior to resentencing, the defendant filed a motion to withdraw his guilty plea based on the misinformation given to him by both his attorney and the trial court regarding his eligibility for judicial release. Specifically, he alleged that had he been properly informed regarding eligibility, he would not have entered guilty pleas to the charges.
 {¶ 5} At the resentencing hearing in April of 2003, the trial court denied the defendant's motion to withdraw his guilty plea and proceeded to resentence the defendant. It is from this ruling that the defendant now appeals, asserting seven assignments of error for our review.
 {¶ 6} "I. Defendant was denied due process of law when the court did not conduct a hearing on defendant's motion to withdraw his plea."
 {¶ 7} "II. Defendant was denied due process of law when he was not allowed to withdraw his plea of guilty."
 {¶ 8} Defendant argues in his first two assignments of error that he was denied due process of law when the trial court improperly denied his motion to withdraw a guilty plea and did so without first granting him a hearing on the matter. The defendant, however, fails to even mention this court's previous opinion finding that the trial court complied with Crim.R. 11, making his guilty plea valid in CvijetinovicI.
 {¶ 9} In Cvijetinovic I, the defendant argued that he would not have pleaded guilty but for the trial court's statement regarding his eligibility for judicial release. This court reviewed the plea colloquy and found that it substantially complied with Crim.R. 11. Now, on appeal to this court for the second time, the defendant advances the exact same argument. The defendant adds in this appeal, however, that both his attorney and the trial court misinformed him regarding judicial release. As a result, he contends that his plea was not knowing. Defendant further maintains that, because this court remanded his case for resentencing, his motion to withdraw his guilty plea should be treated as a motion made prior to a sentence being imposed, which is a more lenient standard than the standard for a motion made post-conviction.
 {¶ 10} The state argues on appeal that the defendant is precluded from re-litigating these matters because the Ohio Supreme Court has determined that a trial court is divested of jurisdiction to hear a motion to withdraw a guilty plea where an appeal on the matter has been taken, relying on State ex rel. Special Prosecutors v. Judges (1978),55 Ohio St.2d 94, 97-98. We agree.
 {¶ 11} In Special Prosecutors, the Ohio Supreme Court explained that
 {¶ 12} "the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. (Citations omitted). However, * * * [when] the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial [are] inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea, the judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." Id.
 {¶ 13} The Ohio Supreme Court went on to explain:
 {¶ 14} "Furthermore, Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it doesnot confer upon the trial court the power to vacate a judgment which hasbeen affirmed by the appellate court, for this action would affect thedecision of the reviewing court, which is not within the power of thetrial court to do." Id. at 97-98. [Emphasis added.]
 {¶ 15} In this case, the defendant pled guilty in 1999. The trial court accepted the plea, found the defendant guilty, and thereafter sentenced him. The defendant then filed a direct appeal of his conviction and sentence to this court. This court specifically held that his guilty plea was valid, but reversed and remanded for the case the limited purpose of resentencing.
 {¶ 16} We therefore find that when this court's judgment affirmed the defendant's guilty plea in Cvijetinovic I, the trial court lost jurisdiction to consider a subsequent motion to withdraw a guilty plea.
 {¶ 17} Furthermore, we find that the trial court was without the authority to consider the defendant's motion to withdraw a guilty plea because this court's affirmance of the guilty plea issue became the law of the case. Regarding the law of the case doctrine, this court has stated:
 {¶ 18} "The doctrine of the `law of the case' provides that a `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan (1984),11 Ohio St.3d 1, 3. `The doctrine functions to compel trial judges to follow the mandates of reviewing courts.' Id. When, at a rehearing after remand, a judge `is confronted with substantially the same facts and issues as were involved in the prior appeal, the [judge] is bound to adhere to the appellate court's determination of the applicable law.' Id. `Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' Id. at syllabus. A judge is without authority to extend or vary the mandategiven. Id. at 4." [Emphasis added.] State v. Kincaid (Dec. 14, 2000), Cuyahoga App. No. 77645.
 {¶ 19} In this case, the trial court properly declined to consider the defendant's motion to withdraw his guilty plea, since it would not have had the discretion to disregard this court's judgment that his guilty plea complied with Crim.R. 11. The trial court did not have any authority to extend or vary this court's mandate in any way.
 {¶ 20} While we acknowledge this court's opinion in State v.Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, upon which the defendant now relies, we readily distinguish it from the case at hand In Douse,
this court found that the trial court erred in denying, without a hearing, the appellant's motion to withdraw his guilty plea which was filed after he was granted a resentencing hearing on appeal by this court, but prior to the actual resentencing hearing. There, this court determined that the appellant's motion to withdraw his guilty plea should have been considered a pre-sentence motion. In Douse, however, this court had not entered a judgment regarding the validity of the appellant's guilty plea prior to remanding it.
 {¶ 21} In this case, where this court specifically reviewed the validity of the defendant's guilty plea and determined that it complied with Crim.R. 11, we find that the trial court would have had no power to vacate such judgment, for it would have affected the decision of the reviewing court, which is not within the power of the trial court.Special Prosecutors.
 {¶ 22} We find the defendant's argument unpersuasive and therefore overrule these assignments of error.
 {¶ 23} "III. Defendant was denied due process of law when the court did not properly conduct a resentencing hearing."
 {¶ 24} The defendant claims that the trial court did not properly conduct a resentencing hearing in compliance with R.C. 2929.19 (A)(1). The defendant, however, fails to cite to any reason in support thereof.
 {¶ 25} As this court explained in State v. Steimle, Cuyahoga App. Nos. 79154 and 79155, 2002-Ohio-2238:
 {¶ 26} "The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence."
 {¶ 27} In this case, the transcript reveals that the trial court conducted a proper sentencing hearing. The defendant, his counsel, and the prosecuting attorney each had an opportunity to address the court and numerous friends of the defendant submitted letters on his behalf. After considering the evidence before it, the trial court thereafter sentenced the defendant. This assignment of error has no merit and is hereby overruled.
 {¶ 28} "IV. Defendant was denied due process of law when he was sentenced to a four year sentence as a first offender for a third degree felony."
 {¶ 29} "VII. Defendant was denied due process of law when he was sentenced to more than a minimum sentence."
 {¶ 30} In his fourth and seventh assignments of error, the defendant contends that the trial court did not properly consider the statutory sentencing criteria before imposing more than the minimum sentences on the defendant. We disagree.
 {¶ 31} R.C. 2929.14 provides:
 {¶ 32} "(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13
of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
 {¶ 33} "* * * (3) states: `For a felony of the third degree, the prison term shall be one, two, three, four, or five years * * *'"
 {¶ 34} The trial court did not sentence the defendant to the minimum prison term, but instead imposed a four-year term of incarceration on the intimidation charge. Therefore, because the defendant had not served a prior prison term, the trial court was required to make a finding on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14 (B). A review of the transcript reveals that the trial court stated, after a thorough recitation of the specific facts in this case:
 {¶ 35} "* * * imposing the minimum sentence to any one of theses three files, which happened on three separate occasions, all of which were the subject of your braggadocio, would seriously demean what these victims suffered; five people on three different occasions feared for their very lives. Imposing minimum sentence * * * would seriously not adequately protect the community from future crime." (T. 18).
 {¶ 36} In this case, the trial court complied with R.C. 2929.14 (B) in making the findings required prior to imposing more than the minimum term of incarceration on this defendant. Further, we note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find that the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v.Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia
(1998), 126 Ohio App.3d 485; State v. Donnelly (Dec. 30, 1998) Clermont App. No. CA98-05-034. We cannot say that the trial court's decision in this case is clearly and convincingly unsupported by the record.
 {¶ 37} The defendant further avers that the trial court failed to comply with R.C. 2929.12 (B) in imposing more than the minimum sentence. We disagree. The defendant essentially contends that the trial court did not set forth reasons in support more than the minimum sentence. However, the Ohio Supreme Court has stated:
 {¶ 38} "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, syllabus. Rather, "the trial court merely has to state, somewhere on the record, that one or both of the findings set forth in R.C. 2929.14(B) justify a longer sentence than the minimum." State v.Bell, 11th Dist. No. 2001-A-0032, 2002-Ohio-2948, at p. 8. Furthermore, `A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' State v. Adams (1988),37 Ohio St.3d 295, paragraph three of the syllabus; accord State v.O'Dell (1989), 45 Ohio St.3d 140, 147. We therefore overrule these assignments of error.
 {¶ 39} "V. Defendant was denied due process of law when the court relied on matters outside the record in imposing sentence."
 {¶ 40} In his fifth assignment of error, the defendant maintains that the trial court relied on information outside of the record when imposing a sentence on the defendant.
 {¶ 41} The defendant specifically avers that the trial court improperly relied on a four-year old presentence investigation report. He also alleges that the trial court improperly considered a statement from the victim, Ms. Moran. Lastly, the defendant maintains that the trial judge's relied on her personal knowledge. Despite the defendant's contention that the trial court improperly relied personal knowledge in sentencing the defendant, he fails to cite to any specific fact or statement by the trial court to support his argument. While the defendant cites case law in which trial judges improperly relied on personal knowledge, he does not allege any fact in this case which would indicate that the trial court improperly relied on matters outside of the record.
 {¶ 42} Further, the defendant failed object to any of the alleged errors at the trial court and has thus waived his right to raise this issue on appeal. State v. Smith (1997), 80 Ohio St.3d 89, 107. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62.State v. Smith, supra.
 {¶ 43} The defendant has failed to demonstrate that the trial court's reliance on the presentence investigation report and the victim impact statement were in contravention of R.C. 2951.03 or R.C. 2947.05. We decline to find plain error in this case and therefore overrule this assignment of error.
 {¶ 44} "VI. Defendant was denied due process of law when he was sentenced to consecutive terms of imprisonment."
 {¶ 45} We disagree with the defendant's contention that he was improperly sentenced to consecutive terms of incarceration.
 {¶ 46} R.C. 2929.14 (E)(4) provides:
 {¶ 47} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 48} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.19 of the Revised Code, or was under post-release control for the prior offense.
 {¶ 49} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 50} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 51} R.C. 2929.19(B)(2)(c) requires that a trial court must give its reasons for imposing consecutive sentences under 2929.14.
 {¶ 52} In this case, the trial court found that "this is the worst form of the offense, threatening her, and that a consecutive sentence on that * * * is necessary to protect the public from future crime and to punish you. And sixteen years is not disproportionate to the seriousness of this conduct — putting people in fear of their lives — well five people; two females in the stores plus [the victim of the intimidation charge], two men — five people in fear of their lives. And, the harm caused by these offenses is so great and unusual that no single prison term would adequately reflect the seriousness of your continued conduct" (T. 20-21).
 {¶ 53} The transcript reveals that the trial court did in fact comply with R.C. 2929.19(B)(2)(c) by stating on the record its reasons for imposing consecutive sentences. The trial court's reasons for imposing consecutive sentences included: that the defendant committed the aggravated robberies only one night apart from each other; that the defendant admitted to using drugs and alcohol daily for four years prior to the crimes he committed; that the defendant admitted that he was high on drugs and alcohol when he committed the crimes; and that the defendant was caught as a result of his braggadocio. The court had also previously stated reasons which support the imposition of consecutive sentences, including: that five victims suffered psychological harm when they feared for their lives after the defendant broke into their place of employment wielding a loaded "glock," firing into cash registers, lottery machines; that one victim suffered physical and psychological harm when the defendant hit a man in the head with a shrapnel; and that the defendant's former girlfriend feared for her life after the defendant called and threatened to have her killed for giving police valuable information.
 {¶ 54} We reject the defendant's assertions that the trial court failed to make the appropriate findings. We find that the trial court made all of the appropriate findings and set forth its reasons in support thereof. We therefore overrule this assignment of error.
Judgment affirmed.
James J. Sweeney, J., Concurs.
Anne L. Kilbane, P.J., Concurs.