{¶ 55} On this appeal from a resentencing order of Judge Kathleen A. Sutula, I concur in judgment only in part and dissent in part. The judge failed to properly consider Cvijetinovic's motion to withdraw his plea, as required by State v. Douse,[1] which held that a Crim.R. 32.1 motion filed before resentencing qualifies as a motion made prior to sentencing and, therefore, should be "freely allowed and liberally treated."[2] I would remand for consideration of the motion to withdraw under the standards in Douse.
 {¶ 56} The majority states that Douse is distinguishable because the prior appeals in that case concerned sentencing issues only and no appellate court had entered a judgment regarding the validity of Douse's guilty plea. The majority then finds that, because Cvijetinovic unsuccessfully challenged his guilty plea in his first appeal,[3] he was barred from filing a Crim.R. 32.1 motion on remand However, the majority fails to address the fact that Cvijetinovic's challenge on direct appeal concerned only those facts that were contained in the trial court record — in other words, he could essentially challenge only those facts that were apparent from the transcript of his plea hearing. His motion to withdraw his guilty plea, on the other hand, alleges facts outside the original trial court record, which could not have been addressed in the direct appeal.
 {¶ 57} The majority states that State ex rel. Special Prosecutorsv. Judges, Court of Common Pleas,[4] bars a Crim.R. 32.1 motion filed after a direct appeal challenging a guilty plea. That case, however, bars subsequent motions as part of the law of the case doctrine, which requires only that lower courts respect the mandate of prior appellate decisions in the same case.[5] The decision in Cvijetinovic I found only that the guilty plea was valid based upon the original trial court record. A subsequent ruling allowing withdrawal, if based upon evidence that could not be presented on direct appeal, would not be inconsistent with the mandate of Cvijetinovic I.
 {¶ 58} I would rule that the law of the case doctrine as stated inState ex rel. Special Prosecutors, supra, does not bar a Crim.R. 32.1 motion based on evidence outside the original trial court record, and I would then rule that Cvijetinovic was entitled to a hearing on his motion to withdraw under Douse, supra. Therefore, I would sustain Cvijetinovic's first assignment of error, and remand for a hearing on his motion to withdraw his plea.
[1] Cuyahoga App. No. 82008, 2003-Ohio-5238.
[2] Id. at ¶ 18.
[3] State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563 (Cvijetinovic I).
[4] (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162.
[5] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11 OBR 1,462 N.E.2d 410.