JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Pamela Dubose ("Dubose"), appeals the sentence imposed after her guilty plea to a charge of involuntary manslaughter, a felony of the third degree. Dubose was sentenced to three years in prison and now appeals, advancing two assignments of error for our review. Finding no merit to the appeal, we affirm.
 {¶ 2} Dubose's first assignment of error states:
 {¶ 3} "Defendant was denied due process of law when the court, at sentencing, failed to consider and apply the applicable statutory sentencing guidelines."
 {¶ 4} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G)(1).
 {¶ 5} In the instant case, Dubose pled guilty to a felony of the third degree and was sentenced to three years in prison. In determining whether to impose a prison term for a felony of the third degree, the sentencing court is required to comply with the purposes and principles of sentencing under R.C. 2929.11 and consider the factors set forth in R.C. 2929.12. See R.C.2929.13(C).
 {¶ 6} Dubose argues that the trial court did not properly consider the factors set forth in R.C. 2929.12, particularly whether her conduct was more serious or less serious than conduct normally constituting the offense and whether she was likely to commit future crimes. At sentencing, Dubose argued that she was repeatedly abused by the victim and that the stabbing was an accident. She contended that she did not intentionally harm the victim, that the victim kept coming at her when she was peeling potatoes, and that he tripped, catching the knife in the shoulder. The state argued that the stabbing was intentional because, according to a witness statement, Dubose went into the kitchen and retrieved the knife and then went at the victim making stabbing motions. The victim was found in the living room, and no potato peelings were found by police to corroborate Dubose's story that she was peeling potatoes when the victim accidentally fell on the knife.
 {¶ 7} The trial court did not believe that it was an accident, and although the court did not go through each of the factors set forth in R.C. 2929.12, a silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12. State v. Cvijetinovic, Cuyahoga App. No. 82894, 2003-Ohio-7071, citing State v. Adams (1988)37 Ohio St.3d 295, paragraph three of the syllabus. The trial court is not required to state for the record which factors it found pertinent; it is only required to consider the factors. Furthermore, Dubose did not object at sentencing regarding these issues, and therefore we presume that the trial court considered these factors. Adams, 37 Ohio St.3d at 296.
 {¶ 8} Next, when imposing a sentence upon a felony offender who has not previously served a prison term, R.C. 2929.14(B) provides that, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 9} In this case, Dubose had not previously served a prison term; therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). The trial court found that the shortest prison term would demean the seriousness of the offense and that it would not adequately protect the public. Finally, "R.C.2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 10} The trial court made the proper findings to depart from the minimum sentence; therefore, Dubose's first assignment of error is overruled.
 {¶ 11} "II. Defendant was denied due process of law when defendant was sentenced on factors not alleged in the indictment nor admitted by the defendant in violation of her rights under the Sixth and Fourteenth Amendments."
 {¶ 12} Under this assignment of error, Dubose argues thatBlakely v. Washington (2004), 124 S.Ct. 2531 is implicated because her sentence exceeds the statutory minimum. This court recently addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this court held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.[1] Thus, Blakely does not apply to this case.
 {¶ 13} Accordingly, in conformity with that en banc opinion, Dubose's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., concur.
[1] See my concurring and dissenting opinion in State v.Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.