JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Andre Martin appeals his sentence after a resentencing hearing in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} In Martin's first sentencing appeal, this court vacated the sentence and remanded the case for the parties to brief and for the trial court to consider the issues raised in Blakely v. Washington (2004),542 U.S. 296. See State v. Martin, Cuyahoga App. No. 83941, 2004-Ohio-5034. Upon remand, the trial court ruled that Blakely did not apply to sentencing when a trial court in Ohio sentences within the range allowed by statute.
 {¶ 3} The trial court re-imposed the three-year prison term, finding that the shortest prison term would demean the seriousness of the offender's conduct and would not adequately protect the public. The court stated that the nature of Martin's crime was heinous because he sexually abused his three-year-old daughter, in public, while being supervised by the Department of Children and Family Services, and that Martin obviously could not control his urges.
 {¶ 4} Martin again appeals his sentence, advancing three assignments of error for our review.
 {¶ 5} His first assignment of error states:
 {¶ 6} "The trial court erred in failing to observe the sentencing guidelines and order the appellant to serve a felony sentence of community control sanctions."
 {¶ 7} Under this assignment of error, Martin asserts that he should have been sentenced to community control sanctions and not prison. He argues that there is a presumption of community control sanctions for a felony of the third degree and that the trial court did not consider the factors enumerated in R.C. 2929.12, et seq., when determining the appropriate sentence. Martin contends that community control sanctions would adequately protect the public and punish him and, furthermore, that he is not likely to commit any future crimes. Therefore, Martin argues that the sentence must be vacated and community control sanctions ordered. We disagree.
 {¶ 8} R.C. 2929.13(C)states: "* * * in determining whether to impose a prison term as a sanction for a felony of the third degree * * * and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." The trial court is not required to state for the record which factors it found pertinent; it is only required to consider the factors. State v. Dubose, Cuyahoga App. No. 85394, 2005-Ohio-3844.
 {¶ 9} Next, R.C. 2929.14(B) requires a trial court to impose a minimum sentence for a felony offender who has not previously served a prison term, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B)(2); see, also, State v. Jones, 93 Ohio St.3d 391, 398,2001-Ohio-1341. Finally, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 10} In this case, Martin had not previously served a prison term; therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). The trial court, referring to the first sentencing hearing, stated: "in this case, this Court found that the shortest prison term would demean the seriousness of the offender's conduct, and will not adequately protect the public from future crime by the offender * * *." The trial court may adopt its previous findings to satisfy the requirements of R.C. 2929.14(B). See State v. Elder, Ottawa App. No. OT-01-027 
OT-01-028, 2003-Ohio-893; State v. Huntley, Hocking App. No. 02CA15, 2002-Ohio-6806. Therefore, the trial court made the proper findings to depart from the minimum sentence. Martin's first assignment of error is overruled. Martin's second assignment of error states:
 {¶ 11} "The trial court erred in sentencing Mr. Martin to a term of incarceration beyond the minimum where Mr. Martin did not admit to serving a prior term of incarceration and the fact was not found beyond a reasonable doubt."
 {¶ 12} Under this assignment of error, Martin argues that the nonminimum prison sentence imposed in his case denied him of his liberty without due process of law and denied him of his right to a trial by jury pursuant to Blakely v. Washington (2004), 542 U.S. 296, because the trial court based his sentence on factors not admitted by himself nor proven beyond a reasonable doubt to a jury.
 {¶ 13} Martin's argument that Blakely is implicated because his sentence exceeds the statutory minimum must be rejected. This court recently addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this court held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.[1]
 {¶ 14} Martin's second assignment of error is overruled.
 {¶ 15} Martin's third assignment of error states:
 {¶ 16} "The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders."
 {¶ 17} Martin argues that the trial court failed to ensure that his sentence was consistent with the sentences imposed upon similarly situated offenders. The state asserts that Martin failed to raise this issue in his first appeal wherein his sentence was vacated and remanded to the trial court for the sole purpose of allowing the parties to brief and the trial court to consider the issues raised in light of Blakely.
Since the sentence was vacated, this court will address Martin's third assignment of error.
 {¶ 18} This court stated in State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, "because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes." See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424. The goal of felony sentencing is to achieve "consistency," not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529.
 {¶ 19} R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B) does not require the trial court to make statutory findings.
 {¶ 20} In State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, this court stated regarding the issue of consistency in sentencing that "although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal," quoting State v.Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 21} Here, Martin failed to illustrate, at the trial court level or in his appeal, that similarly situated offenders were sentenced differently than Martin. Therefore, there is nothing in the record to indicate that the sentence imposed is inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. See, also, State v. Worthen,
Cuyahoga App. No. 83816, 2004-Ohio-5970.
 {¶ 22} Martin's third assignment of error is overruled.[2]
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Calabrese, Jr., J., Concur.
[1] See my concurring and dissenting opinion in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.
[2] During oral argument Martin alleged that the trial court failed to follow Crim.R. 32(A)(1). We disagree. The trial court specifically asked, "Is there anything that your client would like to say before the court reimposes sentence?" This can be interpreted and was interpreted by Martin and his attorney as an opportunity for either or both of them to speak on his behalf. Martin's attorney responded that Martin did not wish to speak and then added, "He expresses his remorse." The trial court complied with Crim.R. 32(A)(1).