JOURNAL ENTRY AND OPINION
{¶ 1} On July 22, 2002, appellant, Herbert Armstrong ("appellant"), pled guilty to multiple drug possession charges and on September 17, 2002, appellant pled guilty to one count of theft. After appellant entered his plea of guilty to the theft offense, the trial court proceeded directly to sentencing on both the theft offense and the multiple drug possession offenses. The trial court sentenced appellant to Lorain Correctional Institution for 11 months and fined appellant $250 for each of the drug possession offenses and the theft offense. The trial court further found that the sentence for the theft offense will run consecutively to the concurrent sentence for the drug possession offenses. Appellant now appeals. For the foregoing reasons, we affirm in part and reverse in part.
 I {¶ 2} In his first assignment of error, appellant contends that the trial court erred when it imposed a consecutive sentence without making the necessary findings and reasons required by R.C. 2929.14(E)(4) and 2929.19(B)(2).[1]
 {¶ 3} R.C. 2929.14 provides in pertinent part:
 {¶ 4} "(E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 5} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 6} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 7} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." See, also, State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632; State v. Stewart, 149 Ohio App.3d 1,2002-Ohio-4124, at ¶ 29, 775 N.E.2d 563; State v. Parker (2001),144 Ohio App.3d 334, 338, 760 N.E.2d 48.
 {¶ 8} Further, R.C. 2929.19 provides in pertinent part:
 {¶ 9} "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code.
 {¶ 10} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 11} "* * *
 {¶ 12} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences * * *."
 {¶ 13} Pursuant to R.C. 2929.14(E)(4), the trial court is required to make at least three findings prior to sentencing an offender to consecutive sentences. Likewise, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give its reasons behind its findings and "make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556; see, generally, State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 14} Here, the record is not clear that the trial court made the requisite findings. Although the trial court considered various factors pursuant to R.C. 2929.12, such as the likelihood of recidivism, appellant's lack of remorse, appellant's pattern of drug abuse, and appellant's failure to respond favorably to sanctions previously imposed for other offenses, there is nothing in the record that "confirms the trial court's decision-making process included all of the statutorily required sentencing considerations" as required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Absent from the record are the findings of the trial court that a consecutive sentence is "necessary to protect the public from future crime" and that a consecutive sentence is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). The State of Ohio argues that such requisite findings may be inferred from the trial court's finding of appellant's prior criminal convictions, appellant's failure to respond favorably in the past to sanctions imposed for criminal convictions, appellant's lack of remorse, appellant's pattern of drug abuse, and appellant's previous prison term; however, the law requires that the record be clear — not simply inferred or implied — that the trial court made the required findings. Because the trial court did not make clear on the record the requisite findings for the consecutive sentence imposed for appellant's theft offense pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), appellant's first assignment of error is well taken.
 II {¶ 15} Appellant's second assignment of error contends that the trial court erred by failing to ensure that the sentence imposed upon appellant is consistent with sentences imposed upon similarly situated offenders.
 {¶ 16} Appellant contends that it is the trial court's obligation to ensure that any sentence it imposes is consistent with those sentences imposed for similar offenses. The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." State v.Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529, at ¶ 32.
 {¶ 17} R.C. 2929.11(B):
 {¶ 18} "* * * does not impose an affirmative duty on a state court sentencing judge to calibrate sentences in accord with the other terms of incarceration being imposed within a county, within an appellate district or within the state. Rather, this is a guide for a sentencing judge to follow in conformity with the overriding purpose of felony sentencing."State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249, at ¶ 55 (O'Donnell, J., dissenting).
 {¶ 19} Here, appellant failed to illustrate, at the trial court level or in his appeal, that similarly situated offenders were sentenced differently than appellant. There is nothing in the record that would indicate that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. Accordingly, appellant's second assignment of error is not well taken.
 {¶ 20} Judgment affirmed in part, reversed in part and remanded for resentencing.
 {¶ 21} This cause is affirmed in part, reversed in part and remanded for resentencing.
Ann Dyke, J., Concurs, Timothy E. McMonagle, J., Concurs, in partand Concurs in Judgment, only in part with separate Concurring opinion.
[1] Appellant's assignments of error address only the consecutive sentence imposed by the trial court, which is appellant's sentence for the theft offense.