{¶ 40} Although I agree with the majority's disposition of appellant's first, third and fourth assignments of error, I concur in judgment only with respect to its disposition of appellant's second assignment of error and write separately to express my reasons for doing so.
 {¶ 41} In this assigned error, appellant contends that his sentence is contrary to law because the trial court failed to insure that the sentence imposed was consistent with the sentences imposed upon similarly situated offenders.
 {¶ 42} "The requirement of consistency addresses the concept of proportionality by directing the court to consider sentences imposed upon different offenders in the same case or on offenders in other similar cases. The consistency concept gives legal relevance to the sentences of other judges. It adopts the premise that an overwhelming majority of judges sentence similarly, that a relatively small minority sentence outside of the mainstream, and that sentences outside of the mainstream of judicial practice are inappropriate." Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12-13.
 {¶ 43} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30; see, also,State v. Stern (2000), 137 Ohio App.3d 110. As we stated inLyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decision in compliance with this statute." Lyons, supra, at ¶ 33.
 {¶ 44} The majority in this case, relying on State v. Hunt,
Cuyahoga App. No. 81305, 2003-Ohio-175, concludes that as long as the trial court's comments at the sentencing hearing reflect that the court considered "this aspect of the statutory purpose in fashioning the appropriate sentence," that the mandate for consistency has been satisfied. I disagree.
 {¶ 45} This mandate is set forth in R.C. 2929.11(B), which provides, in relevant part:
 {¶ 46} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and
consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.)
 {¶ 47} Written in the conjunctive, the sentence imposed by the trial court must not only be reasonably calculated to achieve the overriding purposes of felony sentencing, inter alia, but it must also be "consistent with sentences imposed for similar crimes committed by similar offenders." Thus, the majority's conclusion that the sentence imposed in this case "was reasonably calculated to achieve the overriding purposes of felony sentencing, commensurate with the seriousness of Coleman's conduct, and the impact on the victim" fails to take into account whether that same sentence was consistent with sentences imposed on similarly situated offenders. Merely because the trial court may have complied with part of R.C. 2929.11(B) does not obviate any requirement to comply with the balance of this statutory provision.
 {¶ 48} Notwithstanding, I recognize that trial courts are limited in their ability to address the consistency mandate and appellate courts are hampered in their review of this issue by the lack of a reliable body of data upon which they can rely. As noted by this court in State v. Biascochea, Cuyahoga App. No. 82481, 2003-Ohio-4950:
 {¶ 49} "Although R.C. 2929.11(B) directs trial courts to impose felony sentences which are `consistent with sentences imposed for similar crimes by similar offenders,' the legislature has not identified the means by which the courts should attain this goal. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources to assemble reliable information about sentencing practices throughout the state. State v. Haamid, Cuyahoga App. Nos. 80161, and 80248, 2002-Ohio-3243 (Karpinski, J., concurring). Identification of the data and factors which should be compared in deciding whether a crime or an offender is `similar' in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, `appellate courts will be able to address the principle of consistency only to a very limited degree.'" Id. at ¶ 23.
 {¶ 50} Although in the past I have found that the failure of a trial court to engage in any consistency analysis required a remand for resentencing, I have since been persuaded by recent arguments to find otherwise when a criminal defendant has failed to present any argument, however minimal, regarding sentences imposed for similar offenders. See State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932 (McMonagle, J., concurring). "Although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id. at ¶ 29; cf. State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238 (McMonagle, J., concurring in part and dissenting in part); State v. Crayton, Cuyahoga App. No. 81257, 2003-Ohio-4663 (McMonagle, J., concurring in part and dissenting in part).
 {¶ 51} As in Armstrong, appellant did not submit any evidence of sentences imposed upon similar offenders. To be sure, appellant's counsel made reference to the hardship that appellant would suffer if he were to be away from his employment for a 30-day period of time. Such a statement, however, is not analogous to evidence of sentences imposed on criminal defendants such as appellant who have been convicted of aggravated assault.[18]
 {¶ 52} Reiterating, I am mindful of the burden placed not only upon trial courts but upon counsel in arguing and defending arguments regarding consistency. Nonetheless, until some framework is in place from which an appellate court can meaningfully review these sentences in compliance with the sentencing statute's mandates, it is not unreasonable for a criminal defendant to at least submit some evidence, however minimal, for the trial court to consider until such a time that a better system is in place that tracks consistency in sentencing.
 {¶ 53} Consequently, as pertains to appellant's second assignment of error, it is my opinion that the majority reached the right conclusion for the wrong reason and I, therefore, concur in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
[18] Indeed, such a sentence is not even within the sentencing range for this offense, which is a fourth degree felony requiring a definite term of imprisonment from six to eighteen months. See R.C. 2903.12(B) and 2929.14(A)(4).