{¶ 64} I concur with the majority's resolution of appellant's first, second and third assignments of error and, therefore, concur in affirming appellant's conviction. However, I disagree with the majority in their resolution of appellant's remaining assignments of error, which upholds the trial court's decision to impose consecutive sentences but, nonetheless, vacates that sentence and remands for resentencing in order for the trial court to inform appellant that post-release control would be part of his sentence.
 Consecutive Sentences Findings and Rationale {¶ 65} The majority correctly states that imposing consecutive prison terms for multiple convictions is appropriate upon making certain findings as enumerated in R.C. 2929.14. When the trial court does so, however, it must state these findings, and its reasons for those findings, on the record. See R.C.2929.19(B)(2)(c). The Ohio Supreme Court recently addressed this issue in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Finding consecutive sentences permissible under the law, theComer court opined that "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21.
 {¶ 66} Here, the trial court addressed the need to protect the public from future crime and the likelihood of recidivism given appellant's past criminal history, which is quite extensive. These findings and their rationale, however, do not obviate the mandate that the trial court make an additional finding that consecutive sentences are "not disproportionate" to the seriousness of appellant's conduct and then state the rationale behind that finding.
 {¶ 67} Although the record contains references to appellant's conduct as it relates to the conviction for robbery, the record does not reflect any discussion of appellant's conduct as it relates to the separate case whose sentence was to run consecutive to the instant case. Apparently, this separate case, number CR-432932, contained charges against appellant for forgery and theft for which appellant was convicted and sentenced to concurrent nine-month terms of imprisonment to run consecutive to the seven-year term of imprisonment in the instant case. The record in case number CR-432932 is not before us, however. Without knowing what the particular conduct involved, there is nothing in the record before this court from which I can discern that this conduct warranted the imposition of consecutive sentences even if the trial court had undertaken a perfunctory analysis before imposing sentence. See State v. Glass, Cuyahoga App. No. 81275, 2003-Ohio-1505, at ¶ 26; see, also, State v.Hicks, Cuyahoga App. No. 82574, 2003-Ohio-6902, ¶ 15.
 {¶ 68} Although I disagree with the majority's discussion included under appellant's fourth assignment of error, I find it unnecessary to address this assigned error in light of the majority's decision to vacate appellant's sentence and remand for resentencing. I render the aforementioned opinion in response to the majority's decision to address it in the event the trial court, finds it unnecessary to address this aspect of appellant's sentence on remand
 Consistency in Sentencing {¶ 69} "The requirement of consistency addresses the concept of proportionality by directing the court to consider sentences imposed upon different offenders in the same case or on offenders in other similar cases. The consistency concept gives legal relevance to the sentences of other judges. It adopts the premise that an overwhelming majority of judges sentence similarly, that a relatively small minority sentence outside of the mainstream, and that sentences outside of the mainstream of judicial practice are inappropriate." Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12-13.
 {¶ 70} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30; see, also,State v. Stern (2000), 137 Ohio App.3d 110. As we stated inLyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Lyons, supra, at ¶ 33.
 {¶ 71} The majority in this case concludes that as long as the trial court's comments at the sentencing hearing reflect that the court considered "this aspect of the statutory purpose in fashioning the appropriate sentence," the mandate for consistency has been satisfied. I disagree.
 {¶ 72} This mandate is set forth in R.C. 2929.11(B), which provides, in relevant part:
 {¶ 73} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and
consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.)
 {¶ 74} Written in the conjunctive, the sentence imposed by the trial court must not only be reasonably calculated to achieve the overriding purposes of felony sentencing, inter alia, but it must also be "consistent with sentences imposed for similar crimes committed by similar offenders." The majority relies on the trial court's comments regarding appellant's extensive criminal history in its effort to justify statutory compliance. A trial court is not relieved of its obligation to abide by the directives imposed by statute merely because an offender has an illustrious criminal history. When analyzed in this manner, the majority absolves the trial court of failing to take into account whether that same sentence was consistent with sentences imposed on similarly situated offenders. Merely because the trial court may have complied with part of R.C. 2929.11(B) does not obviate any requirement to comply with the balance of this statutory provision.
 {¶ 75} Notwithstanding this statutory mandate, I recognize that trial courts are limited in their ability to address the consistency mandate and appellate courts are hampered in their review of this issue by the lack of a reliable body of data upon which they can rely. Despite the directive set forth in R.C.2929.11(B) for trial courts to impose felony sentences that are "consistent with sentences imposed for similar crimes by similar offenders," the legislature has yet to identify the means by which the courts could comply with this unfunded mandate. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources available to assemble reliable information about sentencing practices throughout the state. See State v. Haamid, Cuyahoga App. Nos. 80161, and 80248, 2002-Ohio-3243 (Karpinski, J., concurring). Identification of the data and factors that should be compared in deciding whether a criminal offense is "similar" in itself would be a massive undertaking, yet critical to begin to build a database. "Until that data is available and accessible, appellate courts will be able to address the principle of consistency only to a very limited degree." Id., at ¶ 34.
 {¶ 76} Although in the past I have found that the failure of a trial court to engage in any consistency analysis required a remand for resentencing, I have since been persuaded by recent arguments to find otherwise when a criminal defendant has failed to present any argument, however minimal, regarding sentences imposed for similar offenders. See State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932 (McMonagle, J., concurring). "Although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id. at ¶ 29; cf. State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238 (McMonagle, J., concurring in part and dissenting in part); State v. Crayton, Cuyahoga App. No. 81257, 2003-Ohio-4663 (McMonagle, J., concurring in part and dissenting in part).
 {¶ 77} As in Armstrong, appellant did not submit any evidence of sentences imposed upon similar offenders. Reiterating, I am mindful of the burden placed not only upon trial courts but upon counsel in arguing and defending arguments regarding consistency. Nonetheless, until some framework is in place from which an appellate court can meaningfully review these sentences in compliance with the sentencing statute's mandates, it is not unreasonable for a criminal defendant to at least submit some evidence, however minimal, for the trial court to consider — at least until such a time that a better system is in place that tracks consistency in sentencing.
 {¶ 78} Consequently, as pertains to appellant's fifth assignment of error, it is my opinion that the majority reached the right conclusion for the wrong reason and I, therefore, concur in judgment only.
 Post-Release Control {¶ 79} This court has addressed this issue several times recently. This author, along with several other members of this court, has concluded that if a criminal defendant is not informed at the sentencing hearing that post-release control is part of his or her sentence, then post-release control is not properly part of any sentence imposed, despite a sentencing journal entry to the contrary. See, generally, State v. Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180. As stated in Johnson, supra, this issue is presently before our supreme court. See State v.Jordan, 98 Ohio St.3d 1460, 2003-Ohio-644. Although ordinarily I would adhere to the position stated in Johnson, the circumstances of this case do not demonstrate any error prejudicial to appellant.
 {¶ 80} Because the sentence in this case is being vacated and remanded for resentencing, any error associated with appellant's sentence is now moot as the trial court, on remand, will have the opportunity to resentence appellant in compliance with R.C. Chapter 2929 and, furthermore, advise appellant appropriately as to whether post-release control is part of his sentence.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.