{¶ 69} Although I agree with Judge Rocco's disposition of appellant's first, second, third and fifth assignments of error, I concur in judgment only with respect to its disposition of appellant's fourth assignment of error and write separately to express my reasons for doing so.
 {¶ 70} In this assigned error, appellant contends that his sentence is contrary to law because the trial court failed to insure that the sentence imposed was consistent with the sentences imposed upon similarly situated offenders.
 {¶ 71} "The requirement of consistency addresses the concept of proportionality by directing the court to consider sentences imposed upon different offenders in the same case or on offenders in other similar cases. The consistency concept gives legal relevance to the sentences of other judges. It adopts the premise that an overwhelming majority of judges sentence similarly, that a relatively small minority sentence outside of the mainstream, and that sentences outside of the mainstream of judicial practice are inappropriate." Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12-13.
 {¶ 72} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30; see, also,State v. Stern (2000), 137 Ohio App.3d 110. As we stated inLyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decision in compliance with this statute." Lyons, supra, at ¶ 33.
 {¶ 73} The majority in this case concludes that as long as the trial court's comments at the sentencing hearing reflect that the court considered "this aspect of the statutory purpose in fashioning the appropriate sentence," that the mandate for consistency has been satisfied. I disagree.
 {¶ 74} This mandate is set forth in R.C. 2929.11(B), which provides, in relevant part:
 {¶ 75} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and
consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.)
 {¶ 76} Written in the conjunctive, the sentence imposed by the trial court must not only be reasonably calculated to achieve the overriding purposes of felony sentencing, inter alia, but it must also be "consistent with sentences imposed for similar crimes committed by similar offenders." Although the majority discounts that the need for any proportionality analysis on the record, it nonetheless states that appellant did not demonstrate that the trial court failed to engage in such an analysis. Moreover, it relies on the trial court's comments regarding the egregiousness of appellant's conduct to justify statutory compliance. A trial court is not relieved of its obligation to abide by the directives imposed by statute merely because an offender's conduct was particularly egregious. When analyzed in this manner, the majority absolves the trial court for failing to take into account whether that same sentence was consistent with sentences imposed on similarly situated offenders. Merely because the trial court may have complied with part of R.C. 2929.11(B) does not obviate any requirement to comply with the balance of this statutory provision.
 {¶ 77} Notwithstanding, I recognize that trial courts are limited in their ability to address the consistency mandate and appellate courts are hampered in their review of this issue by the lack of a reliable body of data upon which they can rely. As noted by this court in State v. Biascochea, Cuyahoga App. No. 82481, 2003-Ohio-4950:
 {¶ 78} "Although R.C. 2929.11(B) directs trial courts to impose felony sentences which are `consistent with sentences imposed for similar crimes by similar offenders,' the legislature has not identified the means by which the courts should attain this goal. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources to assemble reliable information about sentencing practices throughout the state. State v. Haamid, Cuyahoga App. Nos. 80161, 80248, 2002-Ohio-3243 (Karpinski, J., concurring). Identification of the data and factors which should be compared in deciding whether a crime or an offender is `similar' in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, `appellate courts will be able to address the principle of consistency only to a very limited degree.'" Id. at ¶ 23.
 {¶ 79} Although in the past I have found that the failure of a trial court to engage in any consistency analysis required a remand for resentencing, I have since been persuaded by recent arguments to find otherwise when a criminal defendant has failed to present any argument, however minimal, regarding sentences imposed for similar offenders. See State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932 (McMonagle, J., concurring). "Although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id. at ¶ 29; see, also, State v. Coleman, Cuyahoga App. No. 82394, 2004-Ohio-234 (McMonagle, J., concurring); cf.State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238
(McMonagle, J., concurring in part and dissenting in part);State v. Crayton, Cuyahoga App. No. 81257, 2003-Ohio-4663 (McMonagle, J., concurring in part and dissenting in part).
 {¶ 80} As in Armstrong, appellant did not submit any evidence of sentences imposed upon similar offenders. Reiterating, I am mindful of the burden placed not only upon trial courts but upon counsel in arguing and defending arguments regarding consistency. Nonetheless, until some framework in place from which an appellate court can meaningfully review these sentences in compliance with the sentencing statute's mandates, it is not unreasonable for a criminal defendant to at least submit some evidence, however minimal, for the trial court to consider until such a time that a better system is in place that tracks consistency in sentencing.
 {¶ 81} Consequently, as pertains to appellant's fourth assignment of error, it is my opinion that the majority reached the right conclusion for the wrong reason and I, therefore, concur in judgment only.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.