{¶ 82} I respectfully concur in judgment only with the majority's resolution of assignments of error one through four.
 {¶ 83} I similarly concur in judgment only with respect to that part of assignment of error five that addresses appellant's argument that his sentence was disproportionate to that of others who have committed similar crimes.
 {¶ 84} R.C. 2929.11(B) provides in relevant part:
 {¶ 85} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 86} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30; see, also,State v. Stern (2000), 137 Ohio App.3d 100. As we stated inLyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Lyons, supra, at ¶ 33.
 {¶ 87} The majority contends that "there is no statutory requirement that the trial court make any findings comparing appellant's sentence to others similarly convicted and sentences." In light of the mandate set forth in R.C. 2929.11(B), I disagree. Moreover, I have consistently disagreed with those who have found that a trial court complies with the mandate for consistency in sentencing under R.C. 2929.11(B) simply by demonstrating that its comments at the sentencing hearing reflect it "considered that aspect of statutory purpose in fashioning an appropriate sentence." See, e.g., State v. Mayes, Cuyahoga App. No. 82592, 2004-Ohio-2014, at ¶ 73.
 {¶ 88} Nevertheless, I recognize that trial courts are limited in their ability to address the consistency mandate, and appellate courts are hampered in their review of this issue, by the lack of a reliable body of data upon which they can rely. See, e.g., State v. Biascochea, Cuyahoga App. No. 82481, 2003-Ohio-4950.
 {¶ 89} Moreover, "although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932, at ¶ 29 (McMonagle, J., concurring). See, also, Mayes, supra. Having failed to raise this issue at sentencing, appellant cannot now argue that the sentence imposed by the trial court was inconsistent with those imposed on similar offenders.
 {¶ 90} I dissent with respect to that part of the majority's resolution of assignment of error five regarding the trial court's imposition of consecutive sentences.
 {¶ 91} The majority holds that the trial court properly imposed consecutive sentences because, when sentencing appellant, the trial judge recited the language of R.C. 2929.14, which authorizes the imposition of consecutive sentences when the trial court finds that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm cause by multiple offenses was so great or unusual that a single prison term would not adequately reflect the serious of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 92} R.C. 2929.19(B)(2), however, provides that when a trial court imposes consecutive sentences, it "shall make a finding that gives its reasons for selecting the sentence imposed." As the Ohio Supreme Court held in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, "the requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings." Id. at ¶ 19. "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21. A trial court's failure to do so is reversible error. Id. at ¶ 23.
 {¶ 93} Here, a review of the transcript demonstrates that the trial court gave no reasons whatsoever to support its findings regarding the imposition of consecutive sentences. The majority contends that the trial court's sentence was proper because "appellant has an extensive criminal history, did not respond favorably in the past to non-prison sanctions, has an alcohol and drug problem, and has failed to demonstrate any genuine remorse in this case." Although the majority writer may have gleaned that information from his review of the record, the trial court did not cite these factors as reasons supporting consecutive sentences. Because the trial court gave no reasons to support its imposition of consecutive sentences, that part of the sentence imposing consecutive sentences should be reversed and the matter remanded for resentencing.