JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Judith Elersic ("Elersic"), appeals the trial court's imposition of consecutive sentences after she pled guilty to taking the identity of another, two counts of forgery, and theft. In 2001, after Elersic pled guilty to burglary and theft with an elderly specification in Case No. CR-400662, the trial court sentenced her to three years in prison on both counts, to run concurrently. Shortly thereafter, Elersic was granted judicial release and sentenced to five years of community control sanctions. At that time, Elersic was informed by the trial court that any failure to comply with the terms of her community control sanctions would result in the imposition of the balance of the original three year prison sentence. In 2003, Elersic was found to have violated the conditions of her community control sanctions and ordered to perform additional hours of court community work service. Later that year, Elersic's community control sanctions were terminated by the trial court.
 {¶ 2} Also, in 2001, Elersic pled guilty to two counts of burglary, theft with an elderly specification, and attempted theft with an elderly specification in Case No. CR-400762. As a result of her guilty plea, Elersic was sentenced to one year in prison for the two counts of burglary and attempted theft with an elderly specification and two years in prison for theft with an elderly specification, to run concurrently. Elersic was granted judicial release and sentenced to serve five years of community control sanctions. However, in 2003, Elersic was found to have violated the conditions of her community control and the trial court ordered her to perform additional hours of court community work service. Then, Elersic's community control sanctions were terminated and she was sentenced to three years in prison after violating her community control sanctions a second time.
 {¶ 3} After Elersic was sentenced to three years in prison in Case No. CR-400762, Elersic pled guilty to taking the identity of another, two counts of forgery, and theft in 2003 in yet another case, bearing Case No. CR-440928. The trial court sentenced Elersic to 18 months in prison for taking the identity of another, one count of forgery, and theft and, 12 months in prison for the second count of forgery. The trial court further ordered that the 18 month and 12 month sentences imposed for taking the identity of another and one count of forgery run concurrently with each other and that the two 18 month sentences for the other count of forgery and theft to also run concurrently with each other. Finally, the trial court ordered that the sentences for taking the identity of another and one count of forgery to run consecutive to the sentences for the other count of forgery and theft, as well as run consecutive to the three-year prison term imposed in Case No. CR4-00762. Elersic now appeals, citing three assignments of error.
 I. {¶ 4} Elersic argues in her first assignment of error that the trial court erred when it ordered consecutive sentences without providing the findings and reasons as required by R.C. 2929.14(E)(4) and R.C.2929.19(B)(2). Upon review of the record, however, Elersic's argument is without merit.
 {¶ 5} R.C. 2929.14(E)(4) provides as follows:
 {¶ 6} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} Here, the trial court specifically found that because of Elersic's previous criminal convictions, including grand theft, attempted misuse of a credit card, attempted tampering with records, passing bad checks, burglary, and theft with an elderly specification, a consecutive sentence is not disproportionate to Elersic's continuous conduct in defrauding elderly people and the danger she poses to the community. Additionally, the trial court found that a consecutive sentence is necessary to protect the public from future crime because, based on Elersic's history of engaging in criminal conduct, even after given judicial release and lighter sentences, she has not benefitted from the opportunities to rehabilitate herself into a law-abiding citizen. The trial court also found, pursuant to R.C. 2929.14(E)(4)(a), that Elersic committed the offenses in case number 440928 while under the sanction of judicial release and community control. Because the trial court gave its reasons and findings for imposing consecutive sentences, as required by R.C. 2929.19(B)(2)(c), Elersic's first assignment of error is overruled.
 II. {¶ 11} Elersic next contends, in her second assignment of error, that the trial court failed to make a finding that Elersic's sentence is consistent with similarly situated offenders. In essence, Elersic argues that the trial court did not make any reference to whether her sentence was consistent with similarly situated offenders and, as a result, her sentence must be vacated. However, without any evidence before this court that Elersic raised the consistency argument before the trial court or any evidence that similarly situated offenders are sentenced differently, Elersic's argument is without merit and overruled. State v.Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932, ¶¶ 16 and 30 (such argument must fail where there is nothing in the record indicating that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses).
 III. {¶ 12} Finally, Elersic argues, in her third assignment of error, that the imposition of consecutive sentences was done in violation of Elersic's Sixth Amendment right to trial by jury. Elersic's argument that her consective sentences violates the U.S. Supreme Court's decision inBlakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403
has been addressed in this Court's en banc decision of State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729. In Lett, the majority of this Court held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Elersic's contentions and overrule her third assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., concurs.*
 Gallagher, J., concurs with Separate concurring opinion.
* (SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)